IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| METRIC CONSTRUCTION CO., INC., Plaintiff, | ) |
| v. | ) No. 04-635C |
| | ) (Judge Charles F. Lettow) |
| THE UNITED STATES, Defendant. | ) |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Rule 16 and Appendix A, Rules of the United States Court of Federal Claims, the parties submit the following Joint Preliminary Status Report in response to questions set forth in paragraph III(4) of Appendix A.

a. Jurisdiction:

The parties currently perceive no jurisdictional defects in this case.

b. Consolidation:

The parties believe that this case should not be consolidated with any other case.

c. Bifurcation:

The parties believe that the trial of liability and quantum should not be bifurcated.

d. Deferral:

The parties know of no reason to defer proceedings in this case pending consideration of any other case presently before the Court.

e. Remand/Suspension:

Neither party seeks remand or suspension.

f. Joinder:

The parties believe that no other party will be joined.

g. Dispositive Motions:

The parties do not anticipate filing dispositive motions prior to the completion of discovery but may reassess the appropriateness of filing dispositive motions during the discovery period.

h. Relevant Issues:

1. Whether plaintiff was compensably delayed by the Government's installation of a pontoon landing barge that allegedly restricted plaintiff's access to the project site for four separate periods of time identified in plaintiff's certified claim.

2. Whether the Government ordered plaintiff to perform additional compensable clean-up and hazardous waste removal work.

3. Whether the Government ordered plantiff to perform additional compensable arrestor gear installation work.

4. Whether the aforementioned actions constituted breach of contract, constructive changes/extra work or caused compensable Government-caused delay.

5. If plaintiff is entitled to compensation, what is the amount of recoverable damages.

i. Settlement:

The parties will conduct settlement negotiations, and will discuss the possibility of submitting this case for alternative dispute resolution as discovery proceeds. If the parties agree to pursue alternative dispute resolution, we will notify the Court promptly.

j. Trial:

Both parties anticipate proceeding toward trial should discovery reveal that dispositive motions, ADR, or settlement are inappropriate. The parties recommend that trial should be held in Los Angeles, California.

k. Electronic Case Management:

The parties are aware of the Court's electronic case management procedures and will comply with them. In addition, the parties will cooperate with regard to the use of electronic document management techniques where possible.

l. Other Information:

There is no other information of which the Court should be made aware at this time.

Discovery:

The parties request a discovery period of eight months, commencing with the approval of this joint preliminary status report. The parties propose that expert reports be due 70 days before the end of the discovery period, with expert depositions

to take place thereafter. The parties also propose that they file a joint status report proposing further proceedings within 30 days after the close of discovery.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Robert E. Kirschman, Jr.
ROBERT E. KIRSCHMAN, JR.
Assistant Director

s/Brian S. Smith
BRIAN S. SMITH
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D. C. 20530
Tele: (202) 616-0391
Fax: (202) 353-7988

Attorneys for Defendant

s/Steven D. Meacham
DANN & MEACHAM
2014 East Madison Street
Suite 100
Seattle, Washington 98122-2965
206/770-3339 Telephone
206/770-3490 Fax

Attorney for Plaintiff

September 29, 2004