# UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| METRIC CONSTRUCTION CO., INC.,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 04-635 C<br>Judge Charles R. Lettow |

## MOTION TO EXCLUDE DEFENDANT'S EXPERT WITNESS TESTIMONY

Plaintiff Metric Construction Co., Inc., moves under RCFC 16(f) to exclude defendant United States from presenting testimony by its designated expert witnesses as a sanction for its failure to provide expert reports to Metric as required by the Joint Status Report dated December 20, 2005.

DATED this 27th day of March, 2006.

PEEL BRIMLEY LLP

By s/ Steven D. Meacham
Steven D. Meacham
Attorney for Plaintiff

Peel Brimley LLP
2014 East Madison Street, Suite 100
Seattle, WA 98122-2965
(206) 770-3339
Fax: (206) 770-3490

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO EXCLUDE DEFENDANT'S EXPERT WITNESS TESTIMONY**

## I. QUESTIONS PRESENTED

1. Did the United States unjustifiably fail to disclose expert reports as required by the Joint Status Report?

2. Is exclusion of the testimony from the United States' experts the appropriate sanction for failing to provide their reports?

## II. STATEMENT OF THE CASE

Metric initiated this action to recover additional costs incurred while performing work under a contract with the United States at San Nicholas Island Airfield. On September 30, 2004, the court ordered completion of discovery by July 1, 2005. (Meacham Decl., ¶ 2)

On January 18, 2005, the government's counsel emailed plaintiff's counsel stating " I … don't foresee July 1 as being problematic for me finishing the government's discovery. Typically, perhaps, I will do most/more of the government discovery as the deadline approaches." (Meacham Decl., ¶ 3)

On April 29, 2005, the government's counsel emailed plaintiff's counsel stating, "Another issue: Experts. Neither of us has identified and expert … What do you want to do: 1. Neither side uses any expert witnesses? Or 2. A mutually agreed extension of discovery for identification/discovery of expert witnesses? I vote for #2." (Meacham Decl., ¶ 4)

In May, 2005, Metric produced its project records to the government. The government requested certain documents be copied in electronic format. Metric copied the documents and provided the requested documents in electronic format the first week of June 2005. (Meacham Decl., ¶ 5)

The government also produced most of its documents in late May and early June. Both Metric and government witnesses were deposed in May and June 2005. (Meacham Decl., ¶ 6)

On August 3, 2005, Metric's counsel met with the government's counsel to discuss settlement. Subsequent, to the meeting, Metric by agreement and with concurrence of government's counsel, filed a motion for enlargement of time for expert discovery. Metric moved the Court for a 120-day enlargement of time for expert discovery "including preparation of expert reports and expert depositions." (Meacham Decl., ¶ 7)

On August 8, 2005, the Court enlarged the time for completion of discovery to December 1, 2005. (Meacham Decl., ¶ 8)

While Metric provided the United States with its expert reports in November 2005, there was no agreement to continue discovery other than the exchange of expert materials subsequent to the December 1, 2005 discovery deadline. The parties filed a Joint Status Report dated December 20, 2005, providing for the following: (1) the United States would depose Metric's experts as then scheduled for January 30 and 31, 2006; (2) the United States was to issue its expert reports by February 15, 2006; and (3) the United States' experts were to be made available for deposition by March 15, 2006. (Meacham Decl., ¶ 9)

Metric's experts were actually deposed on January 31 and February 1, 2006. The United States did not provide Metric with its expert report(s) on February 15 as agreed upon by the parties and as set forth in the Joint Status report. On February 7, 2006, the government's counsel wrote Metric's counsel an email stating, "Although our experts will not be able to complete their work in time for us to report to the Court on 3/30 that we're done, I'm sure we'll be able to propose a schedule that has acceptable milestones for expert reports, depositions, etc., leading up

to, and including, proposed dates for pretrial submissions and trial." The United States' counsel continued, "To that end, I need to bring the experts by Metric's offices to go through M's files for this project. I assume since I was shown all project related files in 'that file cabinet' that we can simply do the same thing again." (Meacham Decl., ¶ 10)

On February 15, 2006, Metric's counsel wrote United States' counsel an email agreeing to provide copies of Metric's experts' working papers, but responded to the United States' request to look at Metric's documents for a second time by asking, "Why are we producing them again when discovery was only continued for expert reports?" (Meacham Decl., ¶ 11)

On February 16, 2006, the day after the United States was to issue its expert report(s), the United States' counsel sent an email requesting an extensive list of documents be produced most of which had been previously produced to the government and much of which the government has its own copies including, but not limited to, the contract, certified payrolls, meeting minutes, contract compliance notices, notices of defective or rejected work, etc. (Meacham Decl., ¶ 12)

The United States' counsel repeated the request for Metric to produce documents by e-mail dated March 3, 2006. Metric's counsel responded by e-mail agreeing to provide documents relating to Metric's expert's work, but pointing out Metric did not agree to extend discovery, other than for expert reports and depositions. (Meacham Decl., ¶ 13)

The United States still has not provided reports from its experts to Metric. (Meacham Decl., ¶ 14)

## III. ARGUMENT

1. The United States unjustifiably failed to disclose expert reports as required by the Joint Status Report.

The United States has unreasonably and unjustifiably failed to disclose reports from its experts by February 15, 2006, as required by the Joint Status Report. The Joint Status Report was a pretrial order under RCFC 16. Pretrial orders can cover the disclosure of expert reports. RCFC 16(c)(6). The government's counsel has disregarded the Court's Order and ignored discovery deadlines. Government's counsel has completely disregarded the agreement to extend discovery solely for expert reports and depositions, and has attempted to complete its document discovery long after the discovery deadline.

There is no dispute that the United States failed to disclose its experts' reports. Its purported excuse for doing so is that Metric failed to provide documents. However, Metric has provided its documents to the United States in response to informal discovery requests. The United States never requested additional documents prior to the end of discovery. There has never been a motion to compel in this action. Metric's alleged failure to provide discovery does not excuse the United States' failure to disclose its experts' reports.

There was never any agreement to extend discovery beyond December 1, 2005, other than the exchange of expert reports and depositions of experts. Such expert discovery does not include production of documents the United States' experts might like to review in preparing their reports. Metric's documents were produced to the government prior to the initial July 1, 2005 discovery deadline. Metric provided the government with electronic copies of all documents requested by the government.

2. Exclusion of the testimony from the United States' experts is the appropriate sanction for failing to provide their reports.

Exclusion of any reports by the United States' experts, and their testimony from trial, is the appropriate sanction for the United States' failure to provide their reports, in violation of a pretrial order. Under RCFC 16(f), sanctions for violating pretrial order include those available under RCFC 37(b)(2)(B), (C), and (D). An order prohibiting a party from introducing designated matters into evidence is a possible sanction under RCFC 37(b)(2)(B).

The disclosure of expert reports on February 15, 2006, was intended to provide Metric with sufficient time to evaluate the reports and depose the experts prior to trial. Metric has no basis to depose the experts without first reviewing their reports. The United States has frustrated Metric's discovery of its experts.

The option of postponing trial to allow Metric to review the experts' reports and depose them prior to trial would be prejudicial to Metric. Metric is seeking recovery for costs incurred several years ago, and every day trial is delayed is another day Metric is denied recovery of money to which it is eventually determined to be entitled.

Given that the language of RCFC 37(b)(2)(B) is identical to FRCP 37(b)(2)(B), this court relies upon decisions by federal courts of the FRCP 37(b)(2)(B). *Speck v. United States*, 28 Fed.Cl. 254, 295-6 (1993). Sanctions are imposed to enable courts to enforce deadlines. *In re Kilgus*, 811 F.2d 1112, 1118 (7th Cir. 1987). The court is not obligated to "fire a warning shot" prior to imposing the sanction of excluding expert witness testimony for failing to comply with discovery orders. *Parker v. Freightliner Corp.*, 940 F.2d 1019, 1025 (7th Cir. 1991). Exclusion of expert testimony is an appropriate sanction for failure to comply with discovery deadlines.

*Lund v. Albrecht*, 936 F.2d 459, 466, (9th Cir. 1991); *LCA Corp. v. Shell Oil Co.*, 916 F.2d 434, 440 (8th Cir. 1990).

The exclusion of expert testimony is an appropriate sanction here for the United States' willful and unjustified failure to provide expert reports.

IV. CONCLUSION

The United States has unjustifiably failed to provide expert reports as required by the Joint Status Report, which is a pretrial order. The exclusion of testimony from the United States' experts is the appropriate sanction for this failure.

DATED this 27th day of March, 2006.

PEEL BRIMLEY LLP

By s/ Steven D. Meacham
Steven D. Meacham
Attorney for Plaintiff

Peel Brimley LLP
2014 East Madison Street, Suite 100
Seattle, WA 98122-2965
(206) 770-3339
Fax: (206) 770-3490

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing document has been served via facsimile and by mailing the same, properly addressed and prepaid, on the 27th day of March, 2006, to:

Brian S. Smith, Esq.
Commercial Litigation Branch
Civil Division
Department of Justice
8th Floor, 1100 L Street, N.W.
Washington, DC 20530
Attorneys for Defendant
Facsimile: 202-353-7988

s/ Steven D. Meacham
Steven D. Meacham

**UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| METRIC CONSTRUCTION CO., INC.,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 04-635 C<br>Judge Charles R. Lettow |

**DECLARATION OF STEVEN D. MEACHAM**

I, STEVEN D. MEACHAM, make the following declaration pursuant to 28 U.S.C. § 1746:

1. I make this declaration upon personal knowledge and am competent to testify to the facts set forth herein.

2. Metric initiated this action to recover additional costs incurred while performing work under a contract with the United States at San Nicholas Island Airfield. On September 30, 2004, the court ordered completion of discovery by July 1, 2005.

3. On January 18, 2005, the government's counsel emailed plaintiff's counsel stating "I … don't foresee July 1 as being problematic for me finishing the government's discovery. Typically, perhaps, I will do most/more of the government discovery as the deadline approaches."

4. On April 29, 2005, the government's counsel emailed plaintiff's counsel stating, "Another issue: Experts. Neither of us has identified and expert … What do you want to do: 1. Neither side uses any expert witnesses? Or 2. A mutually agreed extension of discovery for identification/discovery of expert witnesses? I vote for #2."

5. In May, 2005, Metric produced its project records to the government. The government requested certain documents be copied in electronic format. Metric copied the documents and provided the requested documents in electronic format the first week of June 2005.

6. The government also produced most of its documents in late May and early June. Both Metric and government witnesses were deposed in May and June 2005.

7. On August 3, 2005, Metric's counsel met with the government's counsel to discuss settlement. Subsequent, to the meeting, Metric by agreement with concurrence of government's counsel, filed a motion for enlargement of time for expert discovery. Metric moved the Court for a 120-day enlargement of time for expert discovery "including preparation of expert reports and expert depositions."

8. On August 8, 2005, the Court enlarged the time for completion of discovery to December 1, 2005.

9. While Metric provided the United States with its expert reports by November 15, 2005, the government did not provide its expert reports. There was no agreement to continue discovery other than the exchange of expert materials subsequent to the December 1, 2005 discovery deadline. The parties filed a Joint Status Report dated December 20, 2005, providing for the following: (1) the United States would depose Metric's experts as then scheduled for January 30 and 31, 2006; (2) the United States was to issue its expert reports by February 15, 2006; and (3) the United States' experts were to be made available for deposition by March 15, 2006.

10. Metric's experts were actually deposed on January 31 and February 1, 2006. The United States did not provide Metric with its expert report(s) on February 15 as agreed upon by

the parties and as set forth in the Joint Status report. On February 7, 2006, the government's counsel wrote me an email stating, "Although our experts will not be able to complete their work in time for us to report to the Court on 3/30 that we're done, I'm sure we'll be able to propose a schedule that has acceptable milestones for expert reports, depositions, etc., leading up to, and including, proposed dates for pretrial submissions and trial." The United States' counsel continued, "To that end, I need to bring the experts by Metric's offices to go through M's files for this project. I assume since I was shown all project related files in 'that file cabinet' that we can simply do the same thing again."

11. On February 15, 2006, I wrote the United States' counsel an email agreeing to provide copies of Metric's experts' working papers, but responded to the United States' request to look at Metric's documents for a second time by asking, "Why are we producing them again when discovery was only continued for expert reports?"

12. On February 16, 2006, the day after the United States was to issue its expert report(s), the United States' counsel sent an email requesting an extensive list of documents be produced most of which had been previously produced to the government and much of which the government has its own copies including, but not limited to, the contract, certified payrolls, meeting minutes, contract compliance notices, notices of defective or rejected work, etc.

13. The government's counsel repeated the request for Metric to produce documents by e-mail dated March 3, 2006. I responded by e-mail agreeing to provide some of the documents related to the expert's work, but pointing out Metric did not agree to extend discovery, other than for expert reports and depositions.

14. The United States still has not provided reports from its experts to Metric.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 27th day of March, 2006.

s/ Steven D. Meacham
STEVEN D. MEACHAM