**UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| METRIC CONSTRUCTION CO., INC.,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 04-635 C<br>Judge Charles R. Lettow |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE DEFENDANT'S EXPERT WITNESSES AND PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DISCOVERABLE INFORMATION**

"Justice delayed is justice denied." Plaintiff Metric Construction Co., Inc., has incurred significant damages as a result of the government's conduct and changes relating to the work performed by Metric on San Nicolas Island. Defendant seeks to further delay justice and through its motion to compel abuse the discovery process. Under RCFC 16 and pursuant to the Joint Preliminary Status Report, the Court by order filed September 30, 2004 set July 1, 2005 for completion of discovery. RCFC 16(b)(7) states that the schedule shall not be modified except upon a showing of good cause and by leave of the judge.

In an effort to mislead the Court into thinking it was Metric that delayed the close of discovery, Defendants states, "The first discovery extension was agreed upon because Metric wished to engage witnesses who profess to be experts in cost and schedule/delay analysis in an attempt to buttress Metric's certified claim…" However, it was the government that proposed extending discovery for identification/discovery of expert witnesses. By email dated April 29, 2005, two months before the close of discovery, defendant's counsel writes, "Another issue:

Experts. Neither of us has identified and expert … What do you want to do: 1. Neither side uses any expert witnesses? Or 2. A mutually agreed extension of discovery for identification/discovery of expert witnesses? I vote for #2." (Attachment A).

Metric's counsel by email the same day responded, "I'm not opposed to the enlargement of time; however, you need to make sure that the Navy people look at the RFP and have all of the requested documents available for my review on the 16th." (Attachment B).

Defendant's counsel responded, "Experts: 8/19 is good for me. Will we then have some time to depose each other's experts. How about 30 days? We'll need to do a joint motion to that effect – or we can inform the court that we agreed on that when we do the status report on 7/30?" (Attachment B).

On June 16, 2005, Metric's counsel wrote, "In regards to the expert, Metric would like to settle the case before it has to hire experts. You and I discussed trying to settle the case. I suggest we schedule a meeting to discuss the issues and try to work out a settlement, if possible." (Attachment C).

Defendant's counsel responded, "I'm ready to discuss settlement prospects and agree that it might be good to do that before engaging expert/s. I will be in San Diego on Wednesday 8/3 if that's good for you." (Attachment C).

On August 3, 2005, Metric's counsel met with the government's counsel to discuss settlement. Subsequent, to the meeting, Metric by agreement and with concurrence of government's counsel, filed a motion for enlargement of time for expert discovery. Metric moved the Court for a 120-day enlargement of time for expert discovery "including preparation of expert reports and expert depositions." (Attachment D).

On August 8, 2005, the Court enlarged the time for completion of discovery to December 1, 2005. After the order was received, Defendant's counsel wrote, "Per our discussions in San Diego, you are going to identify whatever expert witness/es you intend to use in this case and provide expert reports as soon as you can (estimate 2-3mos.). Once I receive your reports, I will let you know if I intend to retain expert/s to respond and the timing for that (ideally within the newly extended time period)." (Attachment E). The "newly extended time period" was December 1, 2005, as set forth in the Joint Status Report and August 8, 2005 Order.

In accordance with the agreement, Metric provided its expert report for the pontoon claims on October 17, 2005 and the Arresting Gear Claim on November 4, 2005; however, the government wanted the reports in electronic format. Metric's experts prepared and sent a disk to Defendant's counsel. Defendant's counsel confirmed receipt by an email of November 15, 2005. (Attachment F). Both of Metric's expert reports were within the estimated two to three month period.

Defendant did not provide its expert report by December 1, 2005. In fact, the government had not even hired its experts by that point. On December 13, 2005, the government notified Metric that it had just recently hired its experts. (Attachment H). The parties filed a joint status report dated December 20, 2005. Defendant argues that "the purpose of the second discovery was to provide the Government with the same opportunity that Metric took – to permit the Government's experts to perform their work, issue reports, and then be deposed." Metric does not dispute that it agreed to additional time for the government's expert witnesses to issue their reports and be deposed pursuant to Rule 26. Defendant's counsel seems to believe that all discovery was left open and that Defendant's counsel could submit discovery requests pursuant to Rule 33, demand production of documents pursuant to Rule 34, depose witnesses pursuant to

Rule 30, or perform any and all discovery that had not been completed. The status reports and agreement regarding discovery was related solely to expert discovery. The December 20th Joint Status Report defined the remaining discovery—it did not include the production of additional documents or the production of the documents that had been previously provided to the government. The Joint Status Report of August 2005 clearly states that other than limited items document discovery and non-expert witness depositions had been completed.

Defendant's argues that Metric did not produce its expert's working papers until March 1, 2006. Metric's expert reports were provided to the government in mid-October and early November. There is no requirement to produce working papers unless requested. The government had Metric's expert reports for over three months and **never** requested the working papers until February. The government wanted the working papers in electronic format; therefore, Metric had them scanned and provided them to the government in the form requested within a couple of weeks.

Defendant then argues that the December 20th status report makes it clear that the parties were continuing with discovery and did not restrict further discovery activities to the issuance of expert reports and depositions. If that is the case, why didn't the report simply state that the parties needed an additional 60 or 90 days to complete discovery without listing the remaining discovery activities? The discovery activities were listed because the remaining discovery was limited to those activities.

Defendant then argues that by stating the experts "will conduct their analysis" allows them to unlimited additional discovery.

Metric requests this Court to see the Defendant's motion for the ruse that it is. Metric had produced for the government all of its project files nine months before February 7th. Metric

had copied in electronic format each and every document requested by the government. On February 7th, eight days before the government's expert reports were due, the government asked for them to be reproduced.

The government also asked for financial records. Again, these had been made available to the government. Metric filed its complaint in April 2004. The DCAA had previously audited Metric's costs, but after the complaint was filed, the DCAA prepared a supplemental report in June 2004.

The government asked for "information related to Metric's main 'subcontractor'… that had never been produced to the Government in any form." Metric produced all the information that it had related to the subcontractor nine months earlier. The government made no attempts to procure any additional documents from the subcontractor. No subpoenas were issued. Nothing was done to get any documents that the government deemed necessary to address Metric's claims until the email was sent on February 7th. These are documents the government now claims are critical for its expert analysis that was due 8 days after the request. The government complains that Metric would not agree to the government reviewing Metric's documents for the second time in early March. Early March was over three weeks after the government's expert reports were due.

The Defendant's motion makes these frivolous innuendos regarding the certified Fraud Examiner and Metric's reluctance to produce the information as heightening their suspicions regarding "questionable aspects of Metric's claim." The reality is that in December 2005, Metric's counsel prepared a draft joint stipulation with Defendant's expert report due on January 16, 2006 (allowing the government about the same time to provide its expert reports that Metric

had used in providing its expert reports to the government) and cutting off expert discovery on or about February 6, 2006, with a trial date set within 90 days thereafter. (Attachment G).

Defendant's counsel responded, "Puhlease. I see your lips moving, but I hear Tom's voice!!! Seriously, unless you're spoiling for a dispute this is totally uncool:..." (Attachment H). Whereupon, Metric's counsel responded, "Come on. 4 months to prepare a rebuttal report is too long... do a joint status report as requested by the Court. If you want to draft it, put in my dates, put in your dates, and explain why you need the time. We can conference with the judge again and he can decide how long to give us." (Attachment H). Shortly thereafter, the December 20, 2005, Joint Status Report was prepared agreeing to the dates and limited discovery.

## CONCLUSION

Rule 16 clearly states that a schedule shall not be modified except upon a showing of good cause and by leave of the judge. The only showing made by Defendant's is that they failed to complete their discovery in a timely manner. It would be a travesty to reopen discovery, compel additional discovery, and further delay justice. As set forth in Plaintiff's motion, exclusion of the testimony from the United States' experts is the appropriate sanction for failing to provide their reports. Under RCFC 16(f), sanctions for violating pretrial order include those available under RCFC 37(b)(2)(B), (C), and (D). An order prohibiting a party from introducing designated matters into evidence is a possible sanction under RCFC 37(b)(2)(B).

Plaintiff respectfully requests that Metric's motion to exclude the government's expert witnesses be granted and the government's motion to compel be denied.

DATED this 25th day of April, 2006.

PEEL BRIMLEY LLP

By s/ Steven D. Meacham
Steven D. Meacham
Attorney for Plaintiff

Peel Brimley LLP
2014 East Madison Street, Suite 100
Seattle, WA 98122-2965
(206) 770-3339
Fax: (206) 770-3490

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing document has been served via facsimile and by mailing the same, properly addressed and prepaid, on the 25th day of April, 2006, to:

Brian S. Smith, Esq.
Commercial Litigation Branch
Civil Division
Department of Justice
8th Floor, 1100 L Street, N.W.
Washington, DC 20530
Attorneys for Defendant
Facsimile: 202-353-7988

s/ Steven D. Meacham
Steven D. Meacham

ATTACHMENT A

**Steven Meacham**

**From:** Brian Smith@usdoj.gov
**Sent:** Friday, April 29, 2005 3:54 PM
**To:** sdm@dannandmeacham com (Receipt Notification Requested) (IPM Return Requested)
**Subject:** RE· San Nicholas Island

Steve:

Another issue: Experts. Neither of us has identified an expert to the other and the time for exchange of expert reports (70 days before close of discovery) has passed. What do you want to do: 1. Neither side uses any experts witnesses? or 2. A mutually agreed extension of discovery for identification/discovery of expert witnesses?

I vote for #2.

Let me know.

-- Brian

-----Original Message-----
From: Smith, Brian (CIV)
Sent: Friday, April 29, 2005 6:49 PM
To: 'sdm@dannandmeacham.com'
Subject: RE: San Nicholas Island

S,

I may or may not be able to do week of 5/30 for yr depos, but tell me who you want to depose (if you know) so I can look into it and get back to you.

Also, although I was proceeding informally, as the rules encourage, I guess I owe you a formal "you can see all project related docs at a mutually arranged time/place" response to your RPD. Since I lost track of time during the trial, can I indicate that you don't oppose an enlargement of time until I send that to you (i.e. next Friday?). Form over substance, but just to tie up loose ends.

Thanks,

-- Brian

-----Original Message-----
From: sdm@dannandmeacham.com [mailto:sdm@dannandmeacham.com]
Sent: Thursday, April 21, 2005 1:55 PM
To: Smith, Brian (CIV)
Subject: RE: San Nicholas Island

John Williamson from the DOJ deposed Mr. Miller on an unrelated claim last month. He used Kelli Hopper of Consolidated Reporters Network, 877-577-3376.

-----Original Message-----
From: Brian.Smith@usdoj.gov [mailto:Brian.Smith@usdoj.gov]
Sent: Thursday, April 21, 2005 10:43 AM
To: sdm@dannandmeacham.com (Receipt Notification Requested) (IPM Return Requested)
Subject: RE: San Nicholas Island

Sounds good. Do you know, or want to use, any particular ct. rptr? If not, is Pt. M close enuff to L.A. that I should find one in/around L.A.???

Thanks,

-- Brian

-----Original Message-----
From: sdm@dannandmeacham.com [mailto:sdm@dannandmeacham.com]
Sent: Thursday, April 21, 2005 1:32 PM
To: Smith, Brian (CIV)
Subject: RE: San Nicholas Island

I confirmed w/ Tom Miller that he will be available on the 18th for his deposition to be taken. Metric's office is in Westlake which is about 30 minutes away from Pt. Mugu. Tom can arrange for a conference room if you want to depose him there.
Steve

-----Original Message-----
From: Brian.Smith@usdoj.gov [mailto:Brian.Smith@usdoj.gov]
Sent: Wednesday, April 13, 2005 11:40 AM
To: sdm@dannandmeacham.com
Subject: Re: San Nicholas Island

Is he available to be deposed at/near pt mugu on May 18?

--------------------------
Sent from my BlackBerry Wireless Handheld

-----Original Message-----
From: sdm@dannandmeacham.com <sdm@dannandmeacham.com>
To: Smith, Brian (CIV) <BSmith@CIV.USDOJ.GOV>
Sent: Wed Apr 13 13:04:16 2005
Subject: RE: San Nicholas Island

Tom Miller

-----Original Message-----
From: Brian.Smith@usdoj.gov [mailto:Brian.Smith@usdoj.gov]
Sent: Wednesday, April 13, 2005 9:12 AM
To: sdm@dannandmeacham.com
Subject: Re: San Nicholas Island

Who has the most knowledge of the substance and assembly of th claim?

--------------------------
Sent from my BlackBerry Wireless Handheld

-----Original Message-----
From: Smith, Brian (CIV) <BSmith@CIV.USDOJ.GOV>
To: 'sdm@dannandmeacham.com' <sdm@dannandmeacham.com>
Sent: Wed Apr 13 11:56:22 2005
Subject: Re: San Nicholas Island

Sounds good. We'll plan details later.

--------------------------
Sent from my BlackBerry Wireless Handheld

-----Original Message-----
From: sdm@dannandmeacham.com <sdm@dannandmeacham.com>
To: Smith, Brian (CIV) <BSmith@CIV.USDOJ.GOV>

Sent: Wed Apr 13 11:32:46 2005
Subject: RE: San Nicholas Island

Let's start on the morning of the 16th. If I don't finish, I'll go into the 17th. If you want to take a deposition or two, you are welcome to do so. I'd like to take depositions the following week or the week of May 30th (after Memorial day).
Steve

-----Original Message-----
From: Brian.Smith@usdoj.gov [mailto:Brian.Smith@usdoj.gov]
Sent: Wednesday, April 13, 2005 7:20 AM
To: sdm@dannandmeacham.com (Receipt Notification Requested) (IPM Return Requested)
Subject: RE: San Nicholas Island

I really like to be there when docs are rev'd and can't do it week of 5/2. I'll see if an exception is possible, but I doubt it. Really, let's concentrate on the week of 5/16, if you want to put some space between yr doc rev. and the deps (i.e. for me to rev docs and/or take a dep or two?) that's fine.

Cheers,

-- Brian

-----Original Message-----
From: sdm@dannandmeacham.com [mailto:sdm@dannandmeacham.com]
Sent: Tuesday, April 12, 2005 7:00 PM
To: Smith, Brian (CIV)
Subject: RE: San Nicholas Island

Brian: How about the week of May 2nd? I'd rather review the documents and get the requested copies before I take depositions. We can review documents the week of May 2nd and then take deps the week of May 16th. Just let me know and I'll have Metric's documents available for the week of May 2nd if you want to look at them at that time.
Steve

-----Original Message-----
From: Brian.Smith@usdoj.gov [mailto:Brian.Smith@usdoj.gov]
Sent: Tuesday, April 12, 2005 1:21 PM
To: sdm@dannandmeacham.com (Receipt Notification Requested) (IPM Return Requested)
Subject: RE: San Nicholas Island

Steve,

I really need to be there when u review Govt. docs. Too many times in the past I've tried to delegate that job and too many times there's been a problem or dispute during/afterward. Perhaps we can make the trip super efficient by me reviewing M's docs as well? This and next week are definitely bad for me. If the week of 4/25 is bad for you, how about the week of May 16? If you really want to move things along, let me know if you want to do depos while we're there too?

Cheers,

-- Brian

-----Original Message-----

From: sdm@dannandmeacham.com [mailto:sdm@dannandmeacham.com]
Sent: Monday, April 11, 2005 12:40 PM
To: Smith, Brian (CIV)
Cc: tom@metriccon.com
Subject: RE: San Nicholas Island

Brian: Thanks for the response! I'm in Deps in Utah the week of the 25th and will not be available. I'd like to review the Navy's documents either this week or next. I don't think it is necessary for you to be there. I can meet with you the first week of May to discuss the case with you and can arrange for you to look at Metric's documents at that time if you desire.
Steve

-----Original Message-----
From: Brian.Smith@usdoj.gov [mailto:Brian.Smith@usdoj.gov]
Sent: Thursday, April 07, 2005 1:57 PM
To: sdm@dannandmeacham.com (Receipt Notification Requested) (IPM Return Requested)
Subject: RE: San Nicholas Island

Let's all just get along, okay?

No really, I apologize for my non-responsiveness while I was away @ trial. I'm back and ready to attend to other cases, so let's coordinate a production date that works for both of us. Unfortunately, the week of 4/11 (and 4/18) isn't good, but how about the week of 4/25? I understand that all project docs are now in one place @ the project.

-- Brian

-----Original Message-----
From: sdm@dannandmeacham.com [mailto:sdm@dannandmeacham.com]
Sent: Thursday, April 07, 2005 4:41 PM
To: Smith, Brian (CIV)
Subject: San Nicholas Island

Brian: You have not responded to my earlier e-mails about producing the Navy's documents the week of April 11th. I understand from your email that you may wait to perform your discovery until you are close to the July discovery cut-off date, but I have no desire to wait that long. The production responses were due a month ago. I intend to file a motion to compel if you do not provide me with an immediate response as to when the documents will be made available.
Steve

ATTACHMENT B

**Steven Meacham**

**From:** Brian Smith@usdoj.gov
**Sent:** Friday, April 29, 2005 7·01 PM
**To:** sdm@dannandmeacham com
**Subject:** Re· San Nicholas Island

Is there anything u want beyond "all project related documents"? I can't imagine, but let me know. Also, besides the docs brought up frm San Diego, they'll be available for inspection as they presently exist. Ok?

Experts: 8/19 is good for me. Will we then have some time to depose each others experts. How about 30 days?

We'll need to do a joint motion to that effect -- or we can inform the court that we agreed on that when we do the status report on 7/30?

More about the 5/16 trip next week.

Brian

--------------------------
Sent from my BlackBerry Wireless Handheld

-----Original Message-----
From: sdm@dannandmeacham.com <sdm@dannandmeacham.com>
To: Smith, Brian (CIV) <BSmith@CIV.USDOJ.GOV>
Sent: Fri Apr 29 19:52:52 2005
Subject: RE: San Nicholas Island

Brian: I'm not opposed to the enlargement of time; however, you need to make sure that the Navy people look at the RFP and have all of the requested documents available for my review on the 16th. I don't want to have to make multiple trips as I'm sure you also want to avoid.
Steve

-----Original Message-----
From: Brian.Smith@usdoj.gov [mailto:Brian.Smith@usdoj.gov]
Sent: Friday, April 29, 2005 4:17 PM
To: sdm@dannandmeacham.com (Receipt Notification Requested) (IPM Return Requested)
Subject: RE: San Nicholas Island

S,

I may or may not be able to do week of 5/30 for yr depos, but tell me who you want to depose (if you know) so I can look into it and get back to you.

Also, although I was proceeding informally, as the rules encourage, I guess I owe you a formal "you can see all project related docs at a mutually arranged time/place" response to your RPD. Since I lost track of time during the trial, can I indicate that you don't oppose an enlargement of time until I send that to you (i.e. next Friday?). Form over substance, but just to tie up loose ends.

Thanks,

-- Brian

-----Original Message-----
From: sdm@dannandmeacham.com [mailto:sdm@dannandmeacham.com]
Sent: Thursday, April 21, 2005 1:55 PM

**Steven Meacham**

**From:** Steven Meacham [smeacham@peelbrimley com]
**Sent:** Monday, June 20, 2005 4:14 PM
**To:** Brian.Smith@usdoj.gov
**Subject:** RE: Experts and Discovery

ATTACHMENT C

August 3rd will be fine. Let me know the time and meeting location.
Steve

-----Original Message-----
From: Brian.Smith@usdoj.gov [mailto:Brian.Smith@usdoj.gov]
Sent: Monday, June 20, 2005 3:06 PM
To: smeacham@peelbrimley.com (Receipt Notification Requested) (IPM Return Requested)
Subject: RE: Experts and Discovery

Steve,

I've passed your follow up requests along and will transmit what we have.

I have the videos now on DVD and will send fedex to you soon.

I'm ready to discuss settlement prospects and agree that it might be good to do that before engaging expert/s. I will be in San Diego on Wednesday 8/3 if that's good for you. If not, let's set up another mutually convenient time/place later in Aug. Ok? The only problem with this is that we have to report to the Ct. by end of July, but I'm sure we can agree on some appropriate language, or simply tell the ct. that we want to meet before we propose further proceedings.

Finally, here are some miscellaneous docs that Mike D had in a loose file on SNI. I know at least some are duplicative of docs you already have, and all should have had copies in the files you inspected, but erring on the side of completeness, here they are.

Cheers,

-- Brian

-----Original Message-----
From: smeacham@peelbrimley.com [mailto:smeacham@peelbrimley.com]
Sent: Tuesday, June 14, 2005 8:58 PM
To: Smith, Brian (CIV)
Subject: Experts and Discovery

Brian: Wanted to send you a reminder of the documents that have not yet been produced:
(1) Permit Applications and Correspondence from the Corps Re Permits on SNI
(2) A copy of the Drawings that accompanied the Arresting Gear RFP and Modification
(3) The barge landing videos
(4) The Roadway project files.
(5) The photos referred to in the Navy's response to documents relating to the haz waste clean-up.

In regards to the expert, Metric would like to try to settle the case before it has to hire experts. You and I discussed trying to settle the case. I suggest we schedule a meeting to discuss the issues and try to work out a settlement, if possible. Do you want Kathy Jones involved or someone else at the Navy? Do you want to schedule something in San Diego? If we can't settle, I will want to retain some experts to address the scheduling, the accounting/damages including the equipment costs, the asphalt materials, and perhaps a barge landing expert.

Let me know how you want to proceed.

Steve

ATTACHMENT D

UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| METRIC CONSTRUCTION CO., INC.,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No. 04-635C<br>Judge Charles F. Lettow |

**MOTION FOR LEAVE TO FILE STATUS REPORT OUT OF TIME, STATUS REPORT AND MOTION FOR ENLARGEMENT OF TIME FOR EXPERT DISCOVERY**

On September 30, 2004, the Court entered a scheduling order listing July 1, 2005 as the deadline for completion of discovery and August 1, 2005 as the deadline for submission of a joint status report addressing the topics identified in RCFC App. A, Paragraphs 11-12. On August 3, 2005, the parties participated in a settlement conference in San Diego, California, in an attempt to settle the case and address the status of the case. At that time, the parties realized they had inadvertently overlooked the August 1, 2005 deadline for filing the status report.

Plaintiff respectfully moves the Court to allow the parties to extend the time for filing the status report, accept the status report as contained herein, and grant an enlargement of time for completion of expert discovery. Defendant's counsel has discussed this motion with plaintiff's counsel, reviewed it, and concurs with the content.

**STATUS REPORT**

The parties completed the depositions of the percipient witnesses and the production of documents by the July 1, 2005 deadline with the limited exception of some documents and videos identified during depositions that Defendant's counsel is attempting to locate. Due to the

inability to locate and produce documents, the parties were unable to complete expert discovery by the July 1, 2005 deadline. The parties agreed to attempt to settle the case prior to incurring the significant expense of hiring experts. The settlement attempts have not been successful and the parties agree that expert witnesses will be necessary in preparing the case for trial.

Pursuant to the parties latest settlement discussion on August 3, 2005, the parties concluded that the parties will require 120 days from August 3, 2005, to retain experts and complete expert discovery including preparation of expert reports and expert depositions.

**ENLARGEMENT OF TIME FOR COMPLETING EXPERT DISCOVERY**

As indicated above, the parties have completed discovery with the limited exception of some specific documents and videos identified by the plaintiff during discovery that defendant's counsel is attempting to locate and expert discovery. The Defendant's documents were located at multiple sites including San Diego, San Nicolas Island, and Point Magu. Defendant's counsel was unable to locate, assemble, and review the documents until June 6, 2005, less than four weeks prior to the close of discovery.

It was necessary for Plaintiff's counsel to review those documents prior to deposing the Navy's witnesses. Subsequent to June 6, 2005, Plaintiff's counsel deposed Navy witnesses. Some of the issues in dispute include allegations of delay and the quality of work placed by Plaintiff necessitating the need for experts and rebuttal experts.

The parties have discussed and agree that 120 days is sufficient time to complete expert discovery. Plaintiff respectfully moves the Court to enlarge time for the completion of expert discovery until December 1, 2005. Plaintiff also proposes the parties advise the Court of discovery and propose a schedule for further proceeding in mid December as the Court's calendar allows. Defendant previously filed a motion for enlargement of time to respond to

Plaintiff's complaint. This is the first motion for an enlargement of time relating to discovery filed by either party.

DATED this 4th day of August, 2005.

DANN & MEACHAM

By ______________________
Steven D. Meacham
Attorney for Plaintiff

Peel Brimley LLP
2014 East Madison Street, Suite 100
Seattle, WA 98122-2965
(206) 770-3339
Fax: (206) 770-3490

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing document has been served by mailing the same, properly addressed and prepaid, on the 4th day of August, 2005, to:

Brian S. Smith, Esq.
Commercial Litigation Branch
Civil Division
Department of Justice
8th Floor, 1100 L Street, N.W.
Washington, DC 20530
Attorneys for Defendant

______________________
Steven D. Meacham

**ATTACHMENT E**

**Steven Meacham**

**From:** Brian.Smith@usdoj.gov
**Sent:** Monday, August 08, 2005 8:04 AM
**To:** smeacham@peelbrimley.com (Receipt Notification Requested) (IPM Return Requested)
**Subject:** Order re: discovery: Metric v U S

Order extending discovery.pdf

Steve:

I assume you've seen the attached order, granting the well-crafted motion to extend discovery. Life is good.

Per our discussion in San Diego, you are going to identify whatever expert witness/es you intend to use in this case and provide reports as soon as you can (estimate 2-3 mos.).

Once I receive your reports, I will let you know if I intend to retain expert/s to respond, and the timing for that (ideally within the newly extended time period).

After this exchange of information, we will be able to reconvene settlement discussions and/or proceed towards trial.

I will note, however, that if Mr. Miller's charts/analysis are to be used as evidence in the case, either by him or by experts, I may need to depose him again.

Also, I understand I owe you some videos, which I will provide to you shortly. You will remind me of any other outstanding fact-discovery issues. And I will let you know if any come up on my end.

Cheers,

-- Brian

ATTACHMENT F

**Steven Meacham**

**From:** Brian.Smith@usdoj.gov
**Sent:** Tuesday, November 15, 2005 1:22 PM
**To:** smeacham@peelbrimley com (Receipt Notification Requested) (IPM Return Requested)
**Subject:** RE: Metric const. v. U.S.

Got it. Who are the testifying expert/s? Where located?

-----Original Message-----
From: smeacham@peelbrimley.com [mailto:smeacham@peelbrimley.com]
Sent: Tuesday, November 15, 2005 3:40 PM
To: Smith, Brian (CIV)
Subject: RE: Metric const. v. U.S.

Yes

-----Original Message-----
From: Brian.Smith@usdoj.gov [mailto:Brian.Smith@usdoj.gov]
Sent: Tuesday, November 15, 2005 12:39 PM
To: smeacham@peelbrimley.com (Receipt Notification Requested) (IPM Return Requested)
Subject: RE: Metric const. v. U.S.

Yes, I got the disk. This is now both/all expert reports?

-- Brian

-----Original Message-----
From: smeacham@peelbrimley.com [mailto:smeacham@peelbrimley.com]
Sent: Tuesday, November 15, 2005 2:29 PM
To: Smith, Brian (CIV)
Subject: RE: Metric const. v. U.S.

Brian: Wanted to confirm you got the disk with the electronic copies prepared by Hainline. The file was too large and Hainline was having problems emailing, hence, the disk.

Steve

-----Original Message-----
From: Brian.Smith@usdoj.gov [mailto:Brian.Smith@usdoj.gov]
Sent: Friday, November 04, 2005 11:56 AM
To: smeacham@peelbrimley.com (Receipt Notification Requested) (IPM Return Requested)
Subject: RE: Metric const. v. U.S.

Good. Not to be nervous nelly, but that means you'll send me the pontoon claim electronically too, right?

-- B

-----Original Message-----
From: smeacham@peelbrimley.com [mailto:smeacham@peelbrimley.com]
Sent: Friday, November 04, 2005 2:33 PM
To: Smith, Brian (CIV)
Subject: RE: Metric const. v. U.S.

Brian: I'm meeting with the experts today and understand that the arresting gear claim will be completed today or Monday. Per your request, I will send it to you in electronic format as soon as I receive it. You can send me your expert's information in either electronic format or hard copy. If sent hard copy, there may be some portions (such as specific spreadsheets) that I will request an electronic version.

Steve

-----Original Message-----
From: Brian.Smith@usdoj.gov [mailto:Brian.Smith@usdoj.gov]
Sent: Friday, November 04, 2005 10:54 AM
To: smeacham@peelbrimley.com (Receipt Notification Requested) (IPM Return Requested)
Subject: Metric const. v. U.S.

Steve,

I've rec'd the expert report for the pontoon claim and am eagerly awaiting the remaining expert reports. Please send me all expert reports in electronic format. Obviously, all word processed documents can be converted/scanned to pdf, but I understand that primavera charts can be directly converted by primavera (so no problem with odd-size charts, color, etc.)

In exchange for this, I will supply any/all expert materials that we produce in the same format.

Mahalo,

-- Brian

ATTACHMENT G

UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| METRIC CONSTRUCTION CO., INC.,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No. 04-635C<br>Judge Charles F. Lettow |

**STATUS REPORT AND MOTION FOR ENLARGEMENT OF TIME FOR EXPERT DISCOVERY**

On August 8, 2005, the Court entered an order listing December 1, 2005 as the deadline for completion of discovery and December 20, 2005 as the deadline for submission of a joint status report addressing completion of discovery and proposing a schedule for further proceedings.

The parties completed the depositions of the percipient witnesses and the production of documents by the July 1, 2005 deadline with the limited exceptions.

Pursuant to the parties latest settlement discussion on August 3, 2005, the parties concluded that the parties would require 120 days from August 3, 2005, to retain experts and complete expert discovery including preparation of expert reports and expert depositions. The Court subsequently extended the discovery cut-off date to December 1, 2005. On October 17, 2005, Plaintiff sent a copy of its expert report relating to the pontoon claim to the Defendant. On November 7, 2005, Plaintiff sent a copy of its expert report relating to the arresting gear to the Defendant. Defendant's counsel requested the reports be sent in electronic format. Defendants counsel received the electronic copies on or before November 15, 2005. Defendant has not

provided Plaintiff with any information as to when the Defendant's expert report will be forthcoming. The parties have discussed depositions of Plaintiff's experts in January 2006; however, no firm dates have been established.

**ENLARGEMENT OF TIME FOR COMPLETING EXPERT DISCOVERY**

Whereas, the parties previously discussed and agreed that 120 days was sufficient time to complete expert discovery, that Plaintiff provided Defendant's with its expert reports on or about October 17 and November 7, 2005. Plaintiff respectfully moves the Court to order Defendant to produce its expert report(s) not later than January 16, 2006, cut-off expert discovery on or about February 6, 2006, and set a trial date within 90 days thereafter.

DATED this 4th day of April, 2006.

PEEL BRIMLEY LLP

By ________________________________
Steven D. Meacham
Attorney for Plaintiff

Peel Brimley LLP
2014 East Madison Street, Suite 100
Seattle, WA 98122-2965
(206) 770-3339
Fax: (206) 770-3490

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing document has been served by mailing the same, properly addressed and prepaid, on the 4th day of April, 2006, to:

Brian S. Smith, Esq.
Commercial Litigation Branch
Civil Division
Department of Justice
8th Floor, 1100 L Street, N.W.
Washington, DC 20530
Attorneys for Defendant

Steven D. Meacham

**Steven Meacham**

ATTACHMENT H

**From:** Steven Meacham [smeacham@peelbrimley com]
**Sent:** Tuesday, December 13, 2005 4:09 PM
**To:** Brian Smith
**Subject:** RE· Metric v U.S · more!

I'm sending them an email to confirm their availability. Let you know as soon as I know.

-----Original Message-----
From: Brian Smith [mailto:briansmithjustice@yahoo.com]
Sent: Tuesday, December 13, 2005 4:08 PM
To: Steven Meacham
Subject: RE: Metric v. U.S.: more!

no matter what, I'm entitled to depose yr experts.

Please confirm my requested dates.

I'll send you a draft status report later.

--- Steven Meacham <smeacham@peelbrimley.com> wrote:

> Come on. 4 months to prepare a rebuttal report is too long, and
> what's this
> "approximately" by the end of Feb? You're right in that Tom wants
> this
> thing pushed. I think we should do a joint status report as
> requested by
> the Court. If you want to draft it, put in my dates, put in your
> dates, and
> explain why you need the time. We can conference with the judge
> again and
> he can decide how long to give us.
> Steve
>
> -----Original Message-----
> From: Brian Smith [mailto:briansmithjustice@yahoo.com]
> Sent: Tuesday, December 13, 2005 3:00 PM
> To: smeacham@peelbrimley.com
> Subject: Re: Metric v. U.S.: more!
>
>
> perhaps we can get specific too:
>
> Assuming yr experts are located in seattle (and I recall there are
> two
> of them?), I'd like to depose them on January 30 and 31 or Jan 31 and
> Feb. 1.
>
> Please advise.
>
> -- Brian
>
>
> --- Brian Smith <briansmithjustice@yahoo.com> wrote:
>
> > Steve:
> >
> > Puhlease. I see your lips moving, but I hear Tom's voice!!!
> >
> > Seriously, unless you're spoiling for a dispute, this is totally
> > uncool:

> >
> > In the spirit of cooperation, I worked with you for yr deadlines
> for
> > yr
> > expert reports. Now that you have produced them, I want a
> > commensurate
> > amount of time to react to them, both in terms of deposing your
> > experts
> > and having mine do their work in an unhurried fasion.
> >
> > I have just completed formally hiring my experts. I'll be getting
> > them
> > going and having them do their work in January/Feb.
> >
> > I propose the following AGREED UPON schedule:
> >
> > 1. I depose yr experts -- ideally in January. Remind me where
> they
> > are? Seattle?
> >
> > 2. My experts do their reports APPROXIMATELY by the end of
> February.
> >
> >
> > 3. You depose them in March or so.
> >
> > We can then do pretrial submissions and proceed to trial after
> that.
> >
> > If you want to incorp these "suggestions" in a revised report,
> please
> > do and email it to me. Otherwise, I'll do a counter-draft report
> and
> > send it to you later this week.
> >
> > Cheers,
> >
> > -- Brian
> >
> >
> > --- "Brian.Smith@usdoj.gov" <Brian.Smith@usdoj.gov> wrote:
> >
> > >
> > > > -------------------------------------------
> > > > From: smeacham@peelbrimley.com[SMTP:SMEACHAM@PEELBRIMLEY.COM]
> > > > Sent: Tuesday, December 13, 2005 3:22:07 PM
> > > > To: Smith, Brian (CIV)
> > > > Subject: Status Report
> > > > Auto forwarded by a Rule
> > > >
> > > Brian the joint status report is due on the 20th. I'm in and out
> > and
> > > wanted
> > > to get it finalized. Please review the draft and comment.
> > > Steve
> > >
> >
> >
> > ___________________________________________________
> > Do You Yahoo!?
> > Tired of spam? Yahoo! Mail has the best spam protection around
> > http://mail.yahoo.com
> >
>
>
> ___________________________________________________
> Do You Yahoo!?