IN THE UNITED STATES COURT OF FEDERAL CLAIMS

METRIC CONSTRUCTION CO., INC., )
)
Plaintiff, )
)
v. ) No. 04-635C
) (Judge Charles F. Lettow)
THE UNITED STATES, )
)
Defendant. )

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DISCOVERABLE INFORMATION**

Defendant, the United States, respectfully submits its reply to plaintiff's ("Metric's") opposition to our motion to compel. In its opposition, Metric offers the Court little more than the tedium of reading virtually every communication that has been exchanged between counsel for the parties and not already provided to the Court. Metric's argument, which is now repetitive, is still unavailing: Metric claims to have believed that the words "continuing with discovery" and "to conduct their analysis" in the jointly proposed schedule of December 2005 permitted the Government's then-recently retained experts only to perform their work with the information previously obtained by the Government and not to obtain additional information in order to conduct their analyses and prepare their reports. The fallacy in Metric's argument (suggesting that "continuing with discovery" does not permit the Government to request additional discoverable information) is self-evident, but Metric's opposition and its

serviceable effort to present the communications between the parties illustrates several points in support of our motion, and illustrates the lack of merit in Metric's position.

First, Metric never stated, nor did the Government ever agree, that the December 2005 plan to permit the Government's experts to "conduct their analysis" restricted the Government's expert's ability to request additional information and restricted their analysis to information already in the Government's possession as of December 2005. As Metric is aware, and the December 2005 status report noted, the Government's experts were retained in response to Metric's experts' reports in December 2005. Metric's argument rests upon the illogical premise that the Government somehow knew the information that the experts would need prior to the experts being hired in the first place.

Second, Metric's belief that the words "the parties are continuing discovery and exchange of expert materials" limited the continuing discovery only to an exchange of expert materials (i.e. expert reports and depositions of experts) is facially contradicted by the words themselves (particularly the word "and").

Third, Metric's straw-man argument that we now seek "unlimited" document, deposition, and "any and all" discovery (Metric opposition at 3-4) is easily dispelled. As we have repeatedly stated (i.e. in our motion to compel), we have (and

still) request the 17 items sought in exhibit J to our motion to compel (attached again to this brief).

Fourth, Metric's misapprehension of the words "continuing with discovery" and "conduct their analysis" to preclude the gathering of additional discoverable information suggests that Metric is unaware that Government experts routinely conduct independent investigations of the claims that they are evaluating, and that our experts' analyses necessarily involve requesting additional information rather than relying solely upon the information already obtained by the Government during the contract, during fact discovery, or in any agency claim review or DCAA audit. Although Metric's experts do not appear to operate in this fashion, and did rely solely upon limited information provided to them by Metric, this certainly does not bind the Government and its experts to the same practice.[1]

Fifth, Metric's opposition makes it crystal clear that Metric's only objection to providing the plainly-discoverable information is form-over-substance. Metric does not, and cannot, argue that we are seeking irrelevant, overly broad, or privileged information, or that the requested information is unduly burdensome to produce. As we have told Metric repeatedly, we are

[1] It is possible that Metric's practice with its own experts is the cause of Metric's misunderstanding of the words "continuing with discovery" and "conduct their analysis" in the December 2005 proposed schedule.

prepared to review Metric's and its subcontractor's records[2] as they are kept in the course of business at any mutually agreed time and location. Metric has steadfastly refused.

Finally, it is ironic that Metric opens its opposition brief with the phrase "justice delayed is justice denied" when it is Metric's refusal to provide plainly-discoverable information that is preventing the parties from continuing and concluding the expert phase of discovery and establishing a pretrial schedule and trial date.[3] At this point, whether the Government could have, or should have, retained its experts prior to December 2005 in response to Metric's October 2005 expert reports; or directed its experts to perform their work more expeditiously, if

---

[2] Metric suggests that the Government was responsible for obtaining subcontractor information "from the subcontractor" by issuing "subpoenas." Metric opposition at 5. Not only is this a fundamental misunderstanding of informal discovery and a claimant's obligation when presenting a monetary claim to the Government that seeks the recovery of subcontractor costs, but it is also factually incorrect. Metric's response to our experts' request for subcontractor information was the refusal that has generated our motion to compel, not an (inappropriate) suggestion that we must issue "subpoenas" to obtain the information from the subcontractors themselves.

[3] We had proposed an inspection at Metric for March 9, 2006, that would have taken a single day and may have required, at the most, a single day of follow up. Exhibit E to our motion to compel. We anticipated another day would be required to review information at Metric's subcontractor. This is a total of three days that could surely have been completed by the end of March 2006. Assuming our experts require 60 days after receiving the information, our expert reports could have been completed by end of May 2006. With Metric's refusal to provide the information, this process has not even begun.

possible, than the work performed by the experts in January and the subsequent document request in February 2006; or better predicted the time required for the experts to perform their work is, frankly, secondary at most. The Government is interested in presenting a comprehensive defense to Metric's claim, as justice demands – and as Metric's ill-supported claim certainly warrants. We believe the Court is entitled to the same thing, a full exposition of the facts and bases of Metric's claim and a clear presentation of the Government's defenses. We stand ready to complete the expert phase of this case when and if the information required by our experts is provided by Metric.

CONCLUSION

For the foregoing reasons, defendant respectfully requests that Metric's motion to exclude be denied and our motion to compel be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/Brian S. Smith
BRIAN S. SMITH
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice

Washington, D. C. 20530
Tele: (202) 616-0391
Fax: (202) 353-7988

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on May 9, 2006, a copy of foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DISCOVERABLE INFORMATION" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Brian S. Smith

# Appendix

Case 1:04-cv-00635-CFL Document 70 Filed 04/13/2006 Page 9 of 9

# Exhibit J

1. Contract including Division 1, and Specifications for contracts 6807 and 5553

2. Certified Payroll for years 1998-2002.

3. Meeting minutes for all meetings held between Metric and the Navy/COE

4. Correspondence and Email related to claim issues

5. Preconstruction conference meeting minutes

6. Material slips

7. Equipment Logs [basically any/all documents related to the equip that was used on SNI by any party]

8. Schedules and schedule updates in whatever form was used on the Projects: electronic files, if possible

9. Contract compliance notices

10. Notices of defective or rejected work

11. Bid documents; planned material quantities for Metric, and Holmes bid estimate to Metric.

12. Metric's subcontract/agreement with Holmes

13. Barge rental invoices

14. All of Hainline and Pepin's work papers in any form. [***Already produced by Metric***]

15. Hainline's Summary of Beach Landing Availability spreadsheet in electronic form – copies we have are unreadable.

16. Financial statements, audit reports, footnotes, and accompanying supplementary schedules and information for MCCI and Holmes for 1997 to 2005.

17. Accounting policies and procedures, including capitalization and depreciation policies and procedures for MCCI and Holmes for 1997 to 2005.

18. Lists of all equipment owned by MCCI and Holmes 1997-2002, including equipment description, purchase date, acquisition costs [not quite the same as #4, above]