IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 04-635C

(Filed: May 23, 2006)

METRIC CONSTRUCTION CO., INC.,

Plaintiff,

v.

UNITED STATES,

Defendant.

## ORDER

Pending before the court are plaintiff's Motion to Exclude Defendant's Expert Witness Testimony, filed March 27, 2006, and defendant's Motion to Compel Production of Discoverable Information, filed April 13, 2006. This discovery dispute arose when the government endeavored to use the preparation of reports by its expert witnesses as a springboard for conducting renewed fact discovery, months after factual discovery had been ostensibly completed and after plaintiff's experts had filed their reports and had been deposed.

A hearing on plaintiff's motion and defendant's cross-motion was conducted on May 22, 2006. At that hearing, the parties accepted an arrangement that resolved the discovery dispute, and established a schedule for completion of discovery with agreement on the part of the government to pay for certain expenses incurred by plaintiff in responding to renewed, duplicative discovery requests.

In accord with the arrangement accepted by the parties, the following items of information will be made available to the government by plaintiff (items that had been previously made available for inspection by counsel for the government, and which again will be made available, are marked with an asterisk):

*1. contract including Division 1, and specifications for contracts 6807 and 5553;

*2. certified payroll for years 1998–2002;

*3. meeting minutes for all meetings held between Metric and the Navy or Corps of

Engineers;

*4. correspondence including e-mails related to claim issues;

*5. preconstruction conference meeting minutes;

*6. material slips;

*7. equipment logs related to equipment used on the work for the construction project at issue;

*8. schedules and schedule updates in whatever form, used on the project;

*9. contract compliance notices;

*10. notices of defective or rejected work;

11. bid estimate documents provided to Metric by Holmes, a subcontractor;

*12. any subcontracting agreement between Holmes and Metric;

13. invoices for rental of Metric's barge to others during the period from 1997 through 2003;

*14. financial statements, audit reports, footnotes, and accompanying supplementary schedules and information for Metric for 1997 through 2003;

*15. accounting policies and procedures, including capitalization and depreciation policies and procedures for Metric for 1997 through 2003; and

*16. lists of all equipment owned by Metric from 1997 through 2002, including equipment description, purchase date, and acquisition costs.

The government has agreed to pay Metric's costs of retrieving these documents from storage, having its counsel examine the documents for privileged and protected materials, and having its accountant search files for relevant financial records.

Counsel for the government and Metric will cooperate in efforts to obtain documents from Metric's subcontractor, Holmes, that are encompassed by items (14), (15), and (16) above, insofar as Holmes is concerned rather than Metric.

Further discovery in the case will proceed on the following schedule:

| | |
|---|---|
| Documents to be made available by Metric and Holmes | June 13, 2006 |
| Completion by the government of its examination of the documents produced by Metric and Holmes | June 27, 2006 |
| Completion of reports by the government's experts | August 28, 2006 |
| Completion of depositions of the government's experts | September 27, 2006 |
| Completion of rebuttal or supplemental expert reports | October 27, 2006 |
| Submission of a Joint Status Report proposing a schedule for pretrial steps, and for a pretrial hearing and trial | November 17, 2006 |

Because the parties and the court reached an acceptable arrangement for completion of discovery, as described above, plaintiff's Motion to Exclude and defendant's Motion to Compel are DENIED.

It is so ORDERED.

s/ Charles F. Lettow
Charles F. Lettow
Judge