IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 04-635C

(Filed: July 10, 2007)

METRIC CONSTRUCTION CO., INC.,

Plaintiff,

v.

UNITED STATES,

Defendant.

FINAL PRE-TRIAL ORDER

Pursuant to Rule 16(e) of the Rules of the Court of Federal Claims, this Final Pre-Trial Order recites the actions taken during the pre-trial conference conducted in this case on July 10, 2007.

1. Trial is scheduled for July 16-25, 2007, at the United States Court of Appeals for the Ninth Circuit, The Park Place Building, 1200 Sixth Avenue, 21st Floor, in Seattle, Washington. Trial will begin at 9:00 a.m. and conclude at 4:15 p.m. each business day. A site visit to San Nicolas Island, California will be held on July 26, 2007.

2. Opening statements will be made on July 16, 2007. Each side shall have 30 minutes for this purpose.

3. The parties have indicated that they are not now aware of any issues related to the authenticity of any proposed trial exhibits. All documents produced in discovery are presumed to be authentic other than handwritten notes, which will be deemed authentic if supported by appropriate testimony. The presumption of authenticity may be rebutted by appropriate evidence.

4. If a witness listed in either party's witness list is necessary to support or negate the admissibility of a document to which an objection has been made, any party may call or recall that witness during its case in chief to testify concerning the factual foundation relating to the admissibility of that document.

5. The parties shall provide to the court at the outset of the trial two copies of a list containing the following three columns: (1) the identifying number for each

exhibit, (2) a blank space for the court to enter the name of the witness through whom the exhibit is sought to be admitted, and the names of the witnesses who otherwise address the exhibit, and (3) a blank space for the court to enter the disposition of any request to admit that exhibit.

6. During trial, the original "stickered" version of exhibits shall be provided to the witnesses, and thereafter exhibits admitted into evidence shall be maintained by the reporter as part of the official record of the trial. The court shall be provided with two copies of each exhibit proffered to a witness at trial, for use at trial by the court and clerk during the examination of the pertinent witnesses and thereafter.

7. To constitute part of the factual record, each exhibit must be formally moved into evidence and admitted into evidence.

8. Counsel shall not engage in substantive discussions with a witness while any portion of that witness's examination is pending.

9. (a.) *Voir dire* of any witness offered as an expert shall be conducted, and such witness must be qualified and accepted by the court as an expert, prior to any substantive testimony by such witness.

   (b.) The court anticipates that expert reports will be admitted into evidence after a suitable foundation has been provided for such admission.

10. Counsel should stand when addressing the court, and in particular, when raising objections or seeking to be heard during testimony.

11. The parties have requested exclusion of witnesses pursuant to Fed. R. Evid. 615, and such request is GRANTED, except that the representatives of the parties, Mr. Tom Miller for plaintiff, and Ms. Renae Jones for the government, may be present. This exclusion also does not apply to expert witnesses.

12. For witnesses called by more than one party, the parties have agreed, and the court has accepted, that the scope of cross-examination of such witnesses may exceed the scope of direct examination, provided that no examination may extend beyond the scope of the subject-matter descriptions provided on the parties' witness lists.

13. Each party shall provide copies of its demonstrative exhibits to opposing counsel 48 hours in advance of use at trial. A demonstrative exhibit does not include copies of pages from exhibits or proposed exhibits, copies of trial transcripts, bullet-point argument summaries, or items generated on the stand. A demonstrative exhibit does include bullet points with numerical data or calculations. This provision applies to demonstrative exhibits used in rebuttal, except when good cause is shown for an exception.

A schedule for post-trial briefing and closing argument shall be arranged at the close of trial.

It is so ORDERED.

s/ Charles F. Lettow
Judge